**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MEDAI, INC.,
      Plaintiff,

v.                                                          Case No. 6:12-cv-840-Orl-37GJK

QUANTROS, INC.,

      Defendant.
_____/

## ORDER

This cause is before the Court on the parties' Unopposed Motion to Seal and Incorporated Memorandum of Law ("Motion"), filed on June 25, 2012. (Doc. No. 32.) The parties request to have Quantros, Inc. ("Defendant")'s "Product Licensing Agreement with [MEDAI, Inc. ("Plaintiff"),] including the written extension of the Product Licensing Agreement," filed under seal. (*See id.* at p. 1.)

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, identifying and describing each item proposed for sealing. M.D. Fla. R. 1.09. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.*

The parties clearly identify the items to be sealed: the "Product Licensing Agreement between Defendant and Plaintiff dated April 14, 2006 and made effective

March 31, 2006 and the written extension of the Product Licensing Agreement entered into on January 19, 2010 and made effective October 1, 2009"[1] (collectively, "the Agreement"). (Doc. No. 32, p. 2.) They also describe the page lengths and describe the exhibits attached to each document.

Next, the parties represent to the Court that the Agreement is "necessary for Plaintiff to properly lay out its case for a preliminary injunction against Defendant." (*Id.*) For example, the Agreement serves as an exhibit to at least one affidavit filed in support of Plaintiff's Motion for Preliminary Injunction. (*See id.*) It is also "central" to the Affirmative Defenses to the Complaint and Counterclaims (Doc. No. 20) Defendant has already filed in this case. The parties maintain that sealing the Agreement is "essential to properly protect the confidential and proprietary information contained within this document." (*Id.* at p. 3.) The terms of the Agreement expressly state that it is to remain confidential, such that "Plaintiff would be in breach of the Agreement itself if it were to file this document outside of the protections of a seal." (*Id.*) The parties contend that publicizing the information contained in the Agreement may "destroy" the "competitive advantage to Plaintiff and Defendant that comes with keeping such information confidential." (*Id.*)

Finally, the parties assert that the only way to keep the Agreement confidential, while also allowing the Court to review it, is to file it under seal. (*Id.*) They request the

---

[1] It is unclear why the date the "written extension of the Product Licensing Agreement" was "entered into" (January 19, 2010) postdates the date it was "made effective" (October 1, 2009). Nevertheless, the parties describe the "written extension" as a "nine-page" agreement between the parties. The Court is satisfied that it will be able to identify the document even if the dates differ from those stated in the Motion. (*See* Doc. Np. 32, p. 2.)

2

Agreement be sealed for the duration of the lawsuit and any subsequent appeal, maintaining that "good cause exists to extend the typical one year limit on a seal." (*Id.*) Based on the foregoing, the Court finds that Local Rule 1.09 has been satisfied.

In addition to determining whether the parties have complied with Local Rule 1.09, the Court must consider the "common-law right" of the public to "inspect and copy judicial records." *See In re Alexander Grant & Co. Litig,* 820 F.2d 352, 255 (11th Cir. 1987) (per curiam) (citations omitted). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007). The filing of documents under seal is generally disfavored by the Court.

A party may overcome the "common-law right of access" if it is able to show that good cause exists. *Graphic Packaging, Int'l v. C.W. Zumbiel,* No. 3:10-cv-891, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). To determine whether a party has met this burden, the Court must balance the right of access against the party's interest in keeping the information confidential. *See Romero*, 480 F.3d at 1246. The Eleventh Circuit has instructed:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

3

*Id.* (citations omitted).

Upon conducting this balancing test, courts have found that "a company's interest in the privacy of its financial records and the terms of confidential agreements . . . often outweigh the public right of access." *Graphic Packaging*, 2010 WL 6790538, at *2. Indeed, the Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero,* 480 F.3d at 1246. The Court finds that this is one such time.

The likelihood of injury to the parties if the Agreement is placed into the public domain is great, and filing it under seal would protect their confidential information from unnecessary exposure to their competitors. *See U.S. ex rel. Greg Westfall, et al. v. Axiom Worldwide, Inc., et al.,* No. 8:06-cv-571, 2008 U.S. Dist. Lexis 104725, at *12 (M.D. Fla. Dec. 19, 2008). Further, the information contained in the Agreement is not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the documents that would ensure its contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits. *See Romero*, 480 F.3d at 1246. For these reasons, and because the parties have complied with Local Rule 1.09, the Court finds that sealing the Agreement is appropriate.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED:**

1) The parties' Unopposed Motion to Seal and Incorporated Memorandum of Law (Doc. No. 32) is **GRANTED**.

4

2) The parties are directed to deliver the Agreement, as it is described in this Order, to the Clerk's Office at the US. Courthouse, 401 West Central Boulevard in Orlando, Florida on or before Friday, July 6, 2012.

3) The documents shall remain under seal for the pendency of this action, including any appeals, or until further Order.

4) At the conclusion of this action, including any appeals, the parties shall move to have the Agreement returned to their possession.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 29, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record